OPINION
Defendant William Moore appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, which convicted and sentenced him for one count of driving under the influence of alcohol and one count of driving without an operator's license, after appellant pled no contest. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO INFORM THE APPELLANT OF THE NATURE OF THE CHARGE AGAINST HIM, OF HIS RIGHT TO COUNSEL, AND OF THE EFFECTS OF THE PLEA IN DETERMINING WHETHER HIS PLEA WAS KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE.
Crim.R. 11 (D) provides in misdemeanor cases which involved serious offenses, the trial court may refuse to accept a plea of guilty or no contest, and shall not accept such a plea without first personally addressing the defendant and informing the defendant of the various pleas available, and the effect of the those pleas. The court must determine that the defendant is making the plea voluntarily, and if the defendant is unrepresented by counsel the court may not accept a plea of guilty or no contest until the court has advised the defendant of the right to be represented by counsel either retained or appointed.
R.C. 2937.02 requires the court to inform the accused of the nature of the charge against him and the identity of the complainant; inform the accused of the right to counsel and the right to a continuance in order to secure counsel; inform the accused of the available pleas and the effects of the those pleas; and inform the accused of his right to a trial by jury, if applicable.
Before the court accepted appellant's plea, appellant received a written form captioned "Explanation of Rights" for DUI. At the bottom of the form, is a representation that the defendant has read the explanation and understands the result of a plea of guilty or non-contest. It also contains a waiver of the right to counsel. The appellant signed the form. Appellant maintains the trial court did not engage in the dialogue required by the Revised Code and the Criminal Rules. However, appellant has failed to furnish us with a copy of the transcript of the hearing.
In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, the Ohio Supreme Court found because the appellant bears the burden of demonstrating the error complained of in the record, the appellant also bears a duty to provide a transcript for appellate review. When there is no transcript, this court has nothing to review, and must presume the validity of the trial court's proceedings in the absence of a demonstration on the record.
The only evidence before us is appellant's signed waiver indicating he understood the nature of the charge and effect of a guilty or no contest charge plea, and which also waived his right to counsel.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Gwin, P.J., Hoffman, J., and Farmer, J., concur
 JUDGMENT ENTRY
CASE NO. 2000CA00294.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.